IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RYAN GEARY, RAYMOND E. BLAKE, and DANE JONES, | : : : |
| Plaintiffs, | : : |
| v. | :    Civ. No. 11-410-LPS |
| JENNIFER-KATE AARONSON, et al., | : : |
| Defendants. | : |

Ryan Geary, Raymond E. Blake, and Dane Jones, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiffs.

**MEMORANDUM OPINION**

October 2, 2012
Wilmington, Delaware

[signature] Leo P. S[tark]

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiffs Ryan Geary ("Geary"), Raymond E. Blake ("Blake"), and Dane Jones ("Jones") (collectively "Plaintiffs") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of their constitutional rights.[1] Plaintiffs are incarcerated at the Howard R. Young Correctional Institution in Wilmington, Delaware.[2] They appear *pro se* and have been granted leave to proceed *in forma pauperis*.[3] (D.I. 4, 8, 14) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. BACKGROUND

Attorney Jennifer-Kate Aaronson ("Aaronson"), an attorney with the law firm Aaronson Collins & Jennings LLC ("ACJ"), was appointed to represent Geary in a criminal matter. Aaronson hired private investigator Thomas Monahan ("Monahan") to speak to Geary. Geary asked Monahan to speak to Jones because he and Jones were represented by the same group of people. Monahan made racial comments to Geary, told Geary that Aaronson thought he was guilty, and asked Geary to testify against Blake. Geary complains that the State of Delaware has

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] On May 24, 2011, the Court dismissed three other Plaintiffs, finding their joinder inappropriate pursuant to Fed. R. Civ. P. 20. (*See* D.I. 4)

[3] On August 17, 2011, Blake was ordered to complete and return an authorization form within thirty days or he would be dismissed as a plaintiff. (D.I. 17) Blake failed to timely submit the authorization form. Typically, Blake would be dismissed as a plaintiff. However, because all claims raised in the Complaint are frivolous, and the Complaint will be dismissed, the issue is moot.

1

allowed persons who are corrupt and racist to represent him. He seeks injunctive relief as well as compensatory and punitive damages.

## III. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiffs proceed *pro se,* their pleading is liberally construed and their Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

2

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiffs leave to amend their complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are

3

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

### A. State Actors

Plaintiffs name as defendants a private attorney, her law firm, and a private investigator hired to assist defense counsel. To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West*, 487 U.S. at 48. To act under "color of state law," a defendant must be "clothed with the authority of state law." *Id.* at 49.

Aaronson, a court-appointed defense attorney, is similar to a public defender. Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *See Polk County v. Dodson*, 454 U.S. 312 (1981). Monahan is a private investigator who was hired to assist Aaronson. He is not a state actor. Quite simply, these three defendants, Aaronson, her law firm ACJ, and Monahan are not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d. Cir. 2004).

Accordingly, the Court will dismiss the claims against Aaronson, Monahan, and ACJ as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

### B. Eleventh Amendment

Geary alleges that the State of Delaware has allowed corrupt and racist individuals to represent him. The claim against the State of Delaware is barred by the State's Eleventh

Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974).

The State has not waived its immunity from suit in federal court and, although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan. 11, 2007) (not published).

The claim against the State has no arguable basis in law or in fact. The claim is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## V. **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint is futile.

An appropriate Order follows.